**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST MORRIS.**

Commission of Five Judges
Appointed by
Supreme Court of Ohio.

No. 96–2586.

Decided Jan. 27, 1997.

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11.

The commission members are as follows: Judges Sheila G. Farmer, John D. Schmitt, Judith A. Nicely, Margaret K. Weaver, and Cynthia C. Lazarus, Chair.

On October 24, 1996, the complainant, Thomas E. Compton,[1] filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court contending that the respondent, Patricia A. Morris, had broadcast false information about her opponent through a television advertisement in the campaign for the Mahoning County Court of Common Pleas, Division of Domestic Relations, in violation of Canon 7(E)(1) of the Ohio Code of Judicial Conduct. The complaint was heard by a panel of the Board of Commissioners on Griev-

---

1. Thomas E. Compton is the husband of Beth A. Smith, who was running against respondent for the position on the Mahoning County Court of Common Pleas, Division of Domestic Relations.

ances and Discipline on November 12, 1996. The Findings of Fact, Conclusions of Law, and Recommendation of the Hearing Panel were filed with the Supreme Court of Ohio on November 18, 1996. (See Appendix.) The panel found by clear and convincing evidence that respondent knowingly engaged in conduct which resulted in the broadcast of information concerning her judicial campaign opponent, which respondent knew to be false, in violation of Canon 7(E)(1) of the Ohio Code of Judicial Conduct. Accordingly, the panel recommended that the respondent be sanctioned with a fine in the amount of $500, plus the costs of the proceedings, exclusive of complainant's attorney fees.

On November 21, 1996, the Ohio Supreme Court appointed a five-judge commission to review the panel's report. The judicial commission was provided with the original grievance form and affidavit filed by the complainant and the formal complaint filed by the Secretary of the Board of Commissioners on Grievances and Discipline; a complete transcript of the November 12, 1996 hearing before the panel of the board; and the exhibits presented at that hearing, including a videotape of the advertisement in question, an audio tape of the hearing on which the advertisement was based, and the panel's report of November 18, 1996.

The commission met by telephone conference on December 2, 1996, and December 9, 1996, to consider the report of the panel, the transcript of the hearing, and the exhibits submitted. The parties were thereafter afforded the opportunity to file written briefs limited to the issue of the sanction recommended by the panel in its November 18, 1996 report. Upon receipt of those briefs, the commission met again by telephone conference on January 6, 1997.

It is the unanimous determination of the judicial commission to affirm the findings of fact and conclusions of law of the board panel. However, because the commission believes that the processes provided for pursuant to Section 5(E)(1), Rule II of the Supreme Court Rules for the Government of the Judiciary of Ohio serve dual purposes of punishing behavior in violation of the Ohio Code of Judicial Conduct and informing the legal and judicial communities of appropriate campaign conduct, we reject the sanctions proposed by the board panel.

The judicial commission notes that the broadcasted misinformation has irreparably damaged the reputation of respondent's judicial opponent. There is no adequate mechanism by which respondent can be required to correct the false impression of her opponent that was created by the commercial which respondent previewed, authorized, and presented to an unidentifiable audience.

The commission finds that to sanction such conduct by means of a fine of $500 as recommended by the board panel is to create a campaign environment in which judicial candidates may determine to engage in known violations of the judicial code, including in their campaign budgets a calculation of fines to be paid

as a "cost of doing business." Such an environment would in no way enhance the public respect for the judiciary or increase the ability of the citizenry to make more informed choices among candidates for judicial office.

Accordingly, it is the unanimous recommendation of the judicial commission that respondent be publicly reprimanded for her violation of Canon 7(E)(1) of the Ohio Code of Judicial Conduct, and that she be ordered to pay the costs of these proceedings, exclusive of complainant's attorney fees.

*So ordered.*

## APPENDIX

### BEFORE THE BOARD OF COMMISSIONERS
### ON
### GRIEVANCES AND DISCIPLINE
### OF
### THE SUPREME COURT OF OHIO

IN RE:

Judicial Campaign Complaint:

Against:

Patricia Morris, Judicial Case No. 96–J–07

Respondent;

Thomas E. Compton,

Complainant.

### *FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDATIONS OF THE HEARING PANEL*

This matter came on for hearing before a duly authorized panel of the Board of Commissioners on Grievances and Discipline ("board") on November 12, 1996, pursuant to Gov.Jud.R. II, Sec. 5 and Gov.Bar R. V, upon a judicial campaign complaint filed against Patricia Morris (Respondent) by Thomas E. Compton (Complainant). Respondent was present and represented by Jennifer L. Brunner, Esquire. Complainant was present and represented by David J. Betras, Esquire. The hearing panel consisted of Larry L. Seward, a current public member of the board; Attorney Stanley S. Phillips of Dayton, a past member of the board; and Attorney Frederick L. Oremus of Athens, a past member of the

board and Chairman of the panel. As required by Gov.Jud.R. II, Sec. 5(C)(1), no member of the panel was a resident of the judicial district from which the complaint arose.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

Respondent is admitted to the practice of law in the state of Ohio and was a judicial candidate for the Mahoning County Common Pleas Court, Domestic Relations Division, in the November 5, 1996 general election. Respondent lost the election to Beth A. Smith, the wife of Thomas E. Compton, the Complainant herein.

The Complaint alleges that Respondent in the course of a judicial campaign, through a television advertisement broadcasted false information about her opponent and a court case in which her opponent, Beth Smith, presided as judge, in violation of Canon 7(E)(1) of the Ohio Code of Judicial Conduct.

Respondent had conducted a domestic relations practice for approximately seven years.

In December 1995, Respondent represented the mother of Brian William Sargeant, then age 19, in an emancipation hearing before the Honorable John J. Leskovyansky, Mahoning County Common Pleas Court, Domestic Relations Division. Attorney Beth Smith, who was Respondent's opponent in the November 5, 1996 general election, represented the father. During the course of this proceeding reference was made to Brian Sargeant's involvement with the criminal justice system at which point Attorney Smith remarked, "The kid's a loser, it's a shame." The parties hereto stipulated as to the making of the quoted remark by Attorney Smith and to the fact that Brian William Sargeant was age 19 at the time of the emancipation hearing. There was further testimony to the fact that Brian Sargeant was six feet, six inches tall and that he was not present when Attorney Smith's comment was made.

During her campaign against Smith, Respondent engaged Rubenstein and Associates as her media consultants. Rubenstein produced a television commercial for Respondent which depicted a small, troubled, young boy seated in a courtroom setting with his head lowered on the table. The boy in the ad was a twelve-year-old actor. The audio portion of the ad accused Attorney Beth Smith, who at the time was also an incumbent Mahoning County Court judge, of referring to a "child" as "a loser" in a court transcript which was superimposed on the screen next to the young boy described above. The audio went on to suggest that because Smith had made this remark, she was not suitable to become a domestic court judge.

The panel reviewed a videotape of the advertisement (Complainant's Exhibit A) several times. The clear import of the advertisement was that Beth Smith in her capacity as a judge had referred to a young boy in her courtroom as "a loser." Respondent acknowledged that she approved the advertisement prior to its being aired. There was further testimony that the advertisement was televised for several days during the campaign.

Based upon the foregoing findings of fact, the panel concludes that by clear and convincing evidence the Respondent knowingly engaged in conduct which resulted in the broadcast of information concerning her judicial opponent, which information Respondent knew to be false in violation of Canon 7(E)(1) of the Ohio Code of Judicial Conduct.

## RECOMMENDATION

The panel does not view this as a case involving a mere technical violation of the Ohio Code of Judicial Conduct. The advertisement at issue was professionally produced. Attorney Smith's remark was portrayed out of context both visually and audibly with the clear, unambiguous intent of conveying to the voting public the fact (albeit false) that she made the remark in her capacity as a judge, in a courtroom, to a small, troubled boy. The production and broadcast of the advertisement were approved and sanctioned by the Respondent.

As a result, it is the recommendation of the panel that the Respondent, Patricia Morris, be found to have violated Canon 7(E)(1) of the Ohio Code of Judicial Conduct; that she be sanctioned with a fine in the amount of $500; and that she be ordered to pay the costs of these proceedings, exclusive of Complainant's attorney fees.

Respectfully submitted this 15th day of November, 1996.

FREDERICK L. OREMUS, Chairman, LARRY SEWARD and STANLEY S. PHILLIPS, concur.