**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST HEIN.**

Commission of Five Judges
Appointed By
Supreme Court of Ohio.

No. 98–2388.

Decided Feb. 5, 1999.

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11. The commission members are Judges Peter M. Handwork, John Donnelly, Lawrence A. Belskis, Jeff Payton, and Nancy Drake Hammond, Chair.

On October 16, 1998, the complainant, Judge Lee A. Bixler, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court. The complaint alleged that the respondent, Jonathan P. Hein of Greenville, Ohio, Attorney Registration No. 0025087, had violated various provisions of Canon 7 of the Code of Judicial Conduct by disseminating campaign material, distributing a press release, and making public statements that contained comments regarding a pending case and false or misleading information about his opponent. Following a review by a probable cause panel of the board pursuant to Gov.Jud.R. II(5)(C)(1)(a) and based on instructions from that panel, the Secretary of the board filed a formal complaint alleging that the respondent, during the

course of a judicial campaign, committed two separate violations of Canon 7 of the Code of Judicial Conduct:

- Knowingly criticized the sentence imposed by his opponent, Judge Lee Bixler, by commenting on a pending case in a press release dated October 6, 1998. The statements contained in the press release were alleged to constitute a violation of Canon 7(B)(2)(e). (Count I.)
- Knowingly misrepresented certain facts regarding his opponent in campaign communications and in an October 15, 1998 candidate's forum, namely, that his opponent was a "liberal" and "soft on criminals." These statements were alleged to constitute violations of Canon 7(B)(2)(f). (Count II.)

On November 6, 1998, a hearing panel appointed by the Board of Commissioners on Grievances and Discipline conducted a hearing on the allegations contained in the formal complaint. On November 10, 1998, the hearing panel issued its findings of fact, conclusions of law, and recommendations in this matter. The hearing panel concluded that the communications and statements alleged in Counts I and II of the formal complaint constituted violations of the provisions of Canon 7 referenced in the formal complaint. In assessing the severity of the respondent's misconduct, the hearing panel considered the respondent's claims that his statements regarding the pending case were made in his capacity as the county prosecuting attorney and that he did not intend to violate Canon 7. Finding that these contentions did not excuse the respondent's conduct, the hearing panel recommended that the respondent be fined $2,500. The panel further recommended that the respondent be ordered to pay the complainant's attorney fees and be assessed the costs of these proceedings.

On November 16, 1998, the Supreme Court of Ohio appointed this five-judge commission to review the hearing panel's report pursuant to Gov.Jud.R. II(5)(E)(1). We were provided with the record certified by the Board of Commissioners on Grievances and Discipline, a complete transcript of the November 6, 1998 proceeding before the hearing panel, and the exhibits presented at that hearing.

We met by telephone conference on November 19 and December 18, 1998 and February 2, 1999. Following the initial telephone conference, we issued an order allowing the parties the opportunity to file written briefs, limited to the issues presented in Count II of the formal complaint. Following the second telephone conference, the parties were ordered to submit information regarding the complainant's attorney fees and costs. We considered the briefs and other materials filed by the parties in reviewing the record and the hearing panel's report and recommendation.

Pursuant to Gov.Jud.R. II(5)(E)(1), we are charged with reviewing the report of the hearing panel and have discretion in establishing procedures used to

conduct our review. Gov.Jud.R. II(5)(E)(1) requires that we independently review the record before us and ascertain whether clear and convincing evidence exists to support a determination that the respondent violated Canon 7 of the Code of Judicial Conduct.

We affirm and adopt the findings of fact and conclusions of law made by the hearing panel relative to Count I of the complaint. Canon 7(B)(2)(e) precludes a judicial candidate from "comment[ing] on any substantive matter relating to a specific pending case on the docket of a judge." The respondent's comments in the October 6, 1998 press release clearly related to a substantive matter (the sentence imposed by the complainant) in a specific case (the *Hamilton* case) that was pending before the Second District Court of Appeals. As such, the comments were contrary to Canon 7(B)(2)(e).

We also agree with the rejection by the hearing panel of the respondent's defense that his comments were made in his capacity as prosecuting attorney and not as a judicial candidate. At the time the respondent issued the press release, he was a "judicial candidate" as defined in Canon 7(A)(1) and therefore was obligated to comply with the requirements of Canon 7. As written, the rules governing judicial campaign conduct do not contain an exception for candidates who happen to hold another public office, and it is beyond our authority as a reviewing commission to infer such an exception. Regardless of the capacity in which the respondent claims to have made the statements cited in Count I of the complaint, we find they were contrary to the rules governing his conduct as a judicial candidate.

As to Count II of the formal complaint, we agree with the hearing panel's finding and conclusion that the respondent knowingly misrepresented the position of his opponent by labeling his opponent as "liberal" and "soft on crime" in violation of Canon 7(B)(2)(f). In his brief filed with this commission, the respondent contends that his statements did not constitute knowing misrepresentations and cites evidence in the record that he claims demonstrates that the words are "fair descriptions of the Complainant." Respondent's brief at 5. We recognize the respondent's belief that these terms are fair characterizations of the complainant's record. However, as noted previously, we are required by Gov.Jud.R. II(5)(E)(1) to review independently the record before us and ascertain whether clear and convincing evidence exists to support a determination "that a violation of Canon 7 has occurred." In conducting this independent review, we find that the respondent's characterizations of the complainant unquestionably are contrary to Canon 7(E)(1), which reads in part as follows:

"(E) Campaign Communications. During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of

campaign materials * * * or otherwise, shall not knowingly or with reckless disregard do any of the following:

"(1) Post, publish, broadcast, transmit, circulate, or distribute information concerning a judicial candidate or an opponent, either knowing the information to be false or with a reckless disregard of whether or not it was false or, if true, that would be deceiving or misleading to a reasonable person."

■ Even if we were to find merit in the respondent's contention that the statements made in campaign communications and the October 15, 1998 public forum were true and, therefore, could not constitute knowing misrepresentations for purposes of Canon 7(B)(2)(f), we believe the record supports a finding, by clear and convincing evidence, that he acted with reckless disregard by distributing information regarding his opponent that was deceiving or misleading to a reasonable person in violation of Canon 7(E)(1). We concur with the hearing panel that the use of general, inflammatory terms or "buzzwords," such as those employed by the respondent in his printed and oral campaign communications, are inappropriate in judicial campaigns. Moreover, the terms do not allow for a fair and accurate portrayal of the record of the respondent's opponent. As such, they "would be deceiving or misleading to a reasonable person." Canon 7(E)(1).

■ In finding the respondent's comments to be in violation of Canon 7(E)(1), we do not mean to imply that Canon 7 precludes a judicial candidate from commenting on the record of his or her opponent, or, as the respondent suggests, that a candidate can only mimic words and phrases used by his or her opponent. Respondent's brief at 4. Comments regarding an opponent's record must be truthful and specific. Generalizations such as those used by the respondent in this campaign must be avoided, as they are more prone to be misleading or deceiving than specific comments and observations.

## SANCTIONS

■ The hearing panel recommended that the respondent be fined $2,500 and ordered to pay the complainant's reasonable and necessary attorney fees and the costs of these proceedings. In view of the record before us, we find the sanctions recommended by the hearing panel to be insufficient to punish the respondent and deter similar violations by judicial candidates in future elections. See *In re Judicial Campaign Complaint Against Morris* (1997), 81 Ohio Misc.2d 64, 65, 675 N.E.2d 580, 581–582.

■ The transcript of the November 6 hearing and hearing panel's report detail the statements proffered by the respondent to excuse or justify his conduct. The hearing panel concluded that the respondent's excuses do not justify the misconduct established in this case. We agree and share the hearing

panel's concern over the respondent's lack of familiarity with Canon 7 and somewhat cavalier attitude taken toward obtaining a greater understanding. Judicial candidates have an obligation, beyond simply attending the two-hour judicial candidate seminar required by Canon 7(B)(5), to familiarize themselves with Canon 7 and conduct their campaigns accordingly. The Supreme Court throughout Canon 7 and our colleagues who have reviewed previous judicial campaign complaints have made it clear that judicial candidates who fail to comprehend the requirements of Canon 7 and apply them to their campaigns will be held accountable for violations.

As first stated by our colleagues in *Morris,* the punishment of judicial campaign violations by means of simply imposing fines on offending candidates will do little to enhance public respect for the judiciary or ensure future compliance with Canon 7. *Morris,* 81 Ohio Misc.2d at 65–66, 675 N.E.2d at 582. Continuing a pattern of imposing only monetary sanctions for violations of Canon 7 would send a signal to future judicial candidates that they may engage in a financial risk-versus-benefit analysis in making decisions regarding campaign conduct. A judicial candidate who believes that he or she can favorably affect the outcome of an election by engaging in conduct contrary to Canon 7, and who knows from prior cases that the only likely consequence of this action will be a financial penalty, will need only to instruct his or her campaign committee to raise and budget sufficient funds to cover the anticipated fine and costs arising from an enforcement proceeding.

When viewed in its entirety, respondent's conduct during this campaign is contrary to the overarching principle of Canon 7 that judicial candidates should conduct their elections campaigns in a dignified and appropriate manner. The sanction recommended by the hearing panel is inadequate under the circumstances to punish the respondent and deter similar misconduct in future elections. Accordingly, it is the unanimous conclusion of the judicial commission that respondent be publicly reprimanded for his violations of Canon 7 of the Ohio Code of Judicial Conduct, that he be fined $2,500, and that he be ordered to pay the complainant's reasonable and necessary attorney fees and the costs of these proceedings.

After considering the evidence related to attorney fees and expenses properly submitted by the parties and the factors contained in DR 2–106(B), we order the respondent to pay the complainant $3,869.57 in attorney fees and expenses.

The Secretary shall issue a statement of costs before this commission and instructions regarding payment of the monetary sanctions. Payment of all monetary sanctions shall be made on or before May 7, 1999. The respondent's

public reprimand shall be published by the Supreme Court Reporter of Decisions in the manner prescribed in Gov.Bar R. V(8)(D)(2).

*So ordered.*

NANCY DRAKE HAMMOND, Chair, PETER M. HANDWORK, JOHN DONNELLY, LAWRENCE A. BELSKI and JEFF PAYTON, JJ., concur.