**In re JUDICIAL CAMPAIGN COMPLAINT AGAINST KIENZLE.**

Commission of Five Judges
Appointed by
Supreme Court of Ohio.

No. 98–2510.

Decided March 9, 1999.

ORDER OF THE COMMISSION OF JUDGES.

This matter came to be reviewed by a commission of five judges appointed by the Supreme Court of Ohio pursuant to Gov.Jud.R. II(5)(E)(1) and R.C. 2701.11. The commission members are: Judges John T. Patton, Jan Michael Long, John D. Schmitt, Barbara P. Gorman, and Jon R. Spahr, Chair.

On October 2, 1998, the complainant, Judge Robert Brown, filed a grievance with the Board of Commissioners on Grievances and Discipline of the Supreme Court. The complaint alleged that the respondent, Roger Kienzle, had violated Canon 7(E)(1) of the Code of Judicial Conduct by disseminating campaign material containing the statement that "[a]s Judge, Robert Brown imposed $430,000 in taxes on Wayne countians. The Court of Appeals said he was wrong." This statement was made in reference to complainant's ruling in the case of *Strong et al. v. Killbuck Valley Mosquito Abatement Sanitary Dist.* (Wayne C.P. No. 93–CI–049) and the subsequent reversal of the complainant's order by the Ninth District Court of Appeals, *Strong et al. v. Killbuck Valley Mosquito Abatement Sanitary Dist.* (1996), 108 Ohio App.3d 441, 670 N.E.2d 1085. The respondent further stated in the campaign materials that "I will never impose taxes on Wayne countians contrary to law."

Following a review by a probable cause panel of the board pursuant to Gov.Jud.R. II(5)(C)(1)(a) and based on instructions from that panel, the Secretary of the board filed a formal complaint on October 28, 1998, alleging that the respondent, during the course of a judicial campaign, violated Canon 7(E) of the Code of Judicial Conduct by making the aforementioned statements.

On November 20, 1998, a hearing panel appointed by the Board of Commissioners on Grievances and Discipline conducted a hearing on the allegations contained in the formal complaint. On November 25, 1998, the hearing panel issued its findings of fact, conclusions of law, and recommendations in this matter. The hearing panel concluded that the statements alleged in the formal complaint violated Canon 7(E)(1) in that the statements were made by the respondent either knowing them to be false or with a reckless disregard of whether they were false. In assessing the severity of the respondent's misconduct, the hearing panel considered the respondent's claims that his statement describing the complainant's ruling in the *Strong* case was the functional equivalent of imposing a tax and that he did not intend to violate Canon 7. Finding that these contentions did not excuse the respondent's conduct, the hearing panel recommended that the respondent be fined $2,500. The panel further recommended that the respondent be ordered to pay the complainant's attorney fees and be assessed the costs of these proceedings.

On December 1, 1998, the Supreme Court of Ohio appointed this five-judge commission to review the hearing panel's report pursuant to Gov.Jud.R. II(5)(E)(1). We were provided with the record certified by the Board of Commissioners on Grievances and Discipline, a complete transcript of the November 20, 1998 proceeding before the hearing panel, and the exhibits presented at that hearing.

We met by telephone conference on December 7, 1998, February 3, 1999, and March 2, 1999. Following the initial telephone conference, we issued an order allowing the parties the opportunity to file written briefs. Following the second telephone conference, the parties were ordered to submit information regarding the complainant's attorney fees and costs. We considered the briefs and other materials filed by the parties in reviewing the record and the hearing panel's report and recommendation.

Pursuant to Gov.Jud.R. II(5)(E)(1), we are charged with reviewing the report of the hearing panel and have discretion in establishing procedures used to conduct our review. Gov.Jud.R. II(5)(E)(1) requires that we independently review the record before us and ascertain whether clear and convincing evidence exists to support a determination that the respondent violated Canon 7 of the Code of Judicial Conduct.

We affirm the findings of fact and conclusions of law made by the hearing panel. The record contains clear and convincing evidence that the respondent's statements, alleging that the complainant imposed taxes on the residents of Wayne County, were contrary to Canon 7(E)(1), which reads, in part, as follows:

"(E) Campaign Communications. During the course of any campaign for nomination or election to judicial office, a judicial candidate, by means of campaign materials * * * or otherwise, shall not knowingly or with reckless disregard do any of the following:

"(1) Post, publish, broadcast, transmit, circulate, or distribute information concerning a judicial candidate or an opponent, either knowing the information to be false or with a reckless disregard of whether or not it was false or, if true, that would be deceiving or misleading to a reasonable person."

The record indicates that the respondent's undergraduate degree was in political science and that he taught American government to high school students. The respondent has been a licensed attorney since 1974 and has served as a common pleas court magistrate since 1991. Given his educational and professional background and the fact that he was seeking election to a judicial office, the respondent knew or should have known that members of the judicial branch of government are without power to impose taxes. This is a fundamental principle of our form of government recognized by the drafters of the United States Constitution (see Federalist No. 48 by James Madison and Federalist No. 78 by Alexander Hamilton) and contained throughout the Ohio Constitution and Revised Code. Accordingly, we find clear and convincing evidence that the respondent's statements were made either knowing them to be false or with a reckless disregard of the truth.

Before the hearing panel and in briefs filed with this commission, the respondent heavily relied on an argument that his statements and the wording of the appellate court's opinion in *Strong* were "functionally equivalent." We reject this contention. To argue that the complainant's order and the subsequent reversal by the court of appeals is "functionally equivalent" to the illegal imposition of a tax is disingenuous and clearly beyond the bounds of campaign conduct permitted by Canon 7.

While we find that the respondent's statements in this instance to be contrary to Canon 7(E)(1), we do not intend to imply the existence of absolute limits on comments and debate in judicial campaigns. However, the respondent's statement not only was inaccurate but promotes the public's misunderstanding of the role of the judiciary in our form of government.

We also note that there are avenues for judicial candidates to obtain guidance regarding the applicability of Canon 7 to planned campaign conduct and statements. Judicial candidates are required to attend campaign seminars at which the provisions and interpretation of Canon 7 are reviewed by staff of the Supreme Court and Board of Commissioners on Grievances and Discipline. Persons attending those seminars are made aware that the court and board staff are available for informal consultation throughout the campaign. Judicial candi-

dates also may request written advisory opinions from the Board of Commissioners. Where a judicial candidate has questions regarding the permissibility of his or her conduct, the candidate should make use of these available resources to minimize the potential for a violation of Canon 7.

## SANCTIONS

■ The hearing panel recommended that the respondent be fined $2,500 and ordered to pay the complainant's reasonable and necessary attorney fees and the costs of these proceedings. In view of the record before us and the decisions made by our colleagues in prior judicial campaign enforcement cases, we determine that the more appropriate sanction is a public reprimand coupled with a fine of $1,000. We believe this sanction is sufficient to punish the respondent and deter similar violations by judicial candidates in future elections. See *In re Judicial Campaign Complaint Against Morris* (1997), 81 Ohio Misc.2d 64, 65–66, 675 N.E.2d 580, 581–582.

The hearing panel noted the respondent's cooperation with the panel and his display of remorse, and characterized his violation as "an error in judgment." While we appreciate the perspective of the hearing panel as to the respondent's demeanor, we view his conduct as more than a simple error in judgment. The respondent's characterizations of the complainant's order in the *Strong* case were harmful to the judiciary as an institution and particularly are troublesome in view of the respondent's experience as an educator, lawyer, and judicial officer. In view of these factors, we believe a public reprimand is the more appropriate sanction to punish the respondent.

Moreover, we are mindful of the statement, first made by our colleagues in *Morris,* that the punishment of judicial campaign violations by means of simply imposing fines on offending candidates will do little to enhance public respect for the judiciary or ensure future compliance with Canon 7. *Morris,* 81 Ohio Misc.2d at 65–66, 675 N.E.2d at 582. Moreover, as stated by our colleagues in *In re Judicial Campaign Complaint Against Hein* (1999), 95 Ohio Misc.2d 31, 36, 706 N.E.2d 34, 37:

"Continuing a pattern of imposing only monetary sanctions for violations of Canon 7 would send a signal to future judicial candidates that they may engage in a financial risk versus benefit analysis in making decisions regarding campaign conduct. A judicial candidate who believes that he or she can favorably affect the outcome of an election by engaging in conduct contrary to Canon 7, and who knows from prior cases that the only likely consequence of this action will be a financial penalty, will need only to instruct his or her campaign committee to raise and budget sufficient funds to cover the anticipated fine and costs arising from an enforcement proceeding."

It is the unanimous conclusion of the judicial commission that respondent be publicly reprimanded for his violations of Canon 7 of the Ohio Code of Judicial Conduct and that he be fined $1,000. We concur with the balance of the hearing panel's recommendation and order that the respondent pay the complainant's reasonable and necessary attorney fees and the costs of these proceedings.

After considering the evidence related to attorney fees and expenses properly submitted by the parties and the factors contained in DR 2–106(B), we order the respondent to pay the complainant $4,618.86 in attorney fees and expenses.

The Secretary shall issue a statement of costs before this commission and instructions regarding payment of the monetary sanctions. Payment of all monetary sanctions shall be made on or before July 7, 1999.

So ordered.

JON R. SPAHR, Chair, JOHN T. PATTON, JAN MICHAEL LONG, JOHN D. SCHMITT and BARBARA P. GORMAN, JJ., concur.